AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the
Northern District of New York

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**<br>**v.**<br>SAMUEL PAULEMON, AND<br>RABOUNIE PAULEMON<br><br>**Defendant.** | ) | Case No. 8:26-PO-113 (MJK) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date(s) of October 25, 2026 in the county of Clinton in the Northern District of New York the defendant violated:

| *Code Section* | *Offense Description* |
|---|---|
| 8 U.S.C. § 1325(a)(1) | Entry Without Inspection |

This criminal complaint is based on these facts:
See attached affidavit

☒ Continued on the attached sheet.

*Complainant's signature*
Agent Henry Rojas Matos
*Printed name and title*

Attested to by the affiant in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Date: October 26, 2026

Digitally signed by Mitchell J Katz
Date: 2026.10.26 15:32:56 -04'00'
*Judge's signature*

City and State: Syracuse, NY

Hon. Mitchell J. Katz, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Henry Rojas Matos, hereby depose and state under penalty of perjury:

1. I am a United States Border Patrol Agent ("BPA") currently assigned to the Swanton Sector, Champlain Station. I have been a BPA for 6 years and have been assigned to the Swanton Sector since February of 2025. I successfully completed training at the United States Border Patrol Academy in 2020, where I received training on the smuggling and trafficking of people and drugs; detecting and tracking illegal entry into the U.S.; and conducting surveillance, traffic stops, interviews, and arrests. I have experience performing each of these duties as a BPA. This affidavit is based in part on information provided to me by others and from law enforcement and immigration databases. It does not set forth all my knowledge about the investigation.

2. I submit this affidavit in support of a criminal complaint charging the defendant with violating 8 U.S.C. § 1325(a)(1), which prohibits any alien, that is, any person who is not a citizen or national of the United States, from entering or attempting to enter the United States "at any time and place other than as designated by immigration officers."

**Probable Cause**

3. On October 25, 2026, Champlain Border Patrol Agents ("BPAs") received a remote-camera image of two individuals walking on Eddy Road in Mooers, New York. When BPAs responded to the area, they were unable to locate the individuals. Eddy Road is a remote road located approximately half of a mile south of the U.S.-Canada international boundary.

4. Later that morning, a concerned citizen reported observing two suspicious individuals enter a blue SUV on North Star Road. North Star Road runs east to west approximately and ranging from half of a mile to two miles south of the U.S.-Canada international boundary. Due

to its remote location and proximity to the international boundary, the road has commonly been used by aliens and alien smugglers. North Star Road intersects with Eddy Road and provides alternate access to main roads and highways, facilitating the further transportation of aliens who have illegally entered the United States.

5. At approximately 10:25 a.m., a BPA observed a blue Chevrolet Equinox traveling east on State Route 11 before merging southbound onto Interstate 87 (I-87). The BPA also observed an Uber beacon inside the vehicle. Uber rides have previously been used by aliens seeking to further their illegal entry into the United States.

6. The BPA activated the emergency lights and siren on his marked Border Patrol vehicle and conducted a traffic stop. The BPA approached the blue SUV, identified himself as a Border Patrol Agent, and conducted an immigration inspection. The driver stated that he was a U.S. citizen. The two rear passengers, later identified as Samuel PAULEMON and Babounie PAULEMON, stated that they were citizens of Haiti and did not possess U.S. immigration documents authorizing their presence in the United States.

7. Upon the subjects' exit from the vehicle, the BPA observed that their clothing was wet and appeared muddy. The subjects also left organic debris, including tree leaves, on the passenger seats.

8. The subjects were questioned about their point of origin. Both subjects stated that they had come from North Star Road and were traveling to Plattsburgh, New York. At approximately 10:50 A.M., both subjects were placed under arrest for being in the United States illegally and transported to the Champlain Border Patrol Station for further processing.

**9.** At the station, BPAs fingerprinted both subjects, and records checks confirmed that neither subject was a citizen or national of the United States, had permission to enter the United States, or had entered the United States through a port of entry.

**Conclusion**

10. Based on the foregoing, I respectfully request the Court issue the proposed complaint charging the defendant with improper entry by an alien, in violation of 8 U.S.C. § 1325(a)(1).

Agent Henry Rojas Matos
United States Border Patrol

Attested to by the affiant in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Date: October 26, 2026

Digitally signed by Mitchell J Katz
Date: 2026.10.26 15:33:27 -04'00'

Hon. Mitchell J. Katz
United States Magistrate Judge